VICKSBURG AND MERIDIAN R. R. Co. *v*. W. H. PHILLIPS, EX'R.

1. CHANCERY. *Jurisdiction. Judgment creditor. Fraudulent transfer of effects.*

   A court of chancery has jurisdiction independent of any statute to set aside a fraudulent transfer by a debtor of his effects, in aid of a judgment creditor who has exhausted his remedy at law.

2. SAME. *Provision for garnishment at law. Effect of.*

   And this jurisdiction is not affected by statutory provisions for garnishment at law.

3. SAME. *Creditor's bill in nature of garnishment. Payment after service of summons.*

   P., a judgment creditor of M., filed a bill against M., J., and R., alleging that R. was indebted to M. by a promissory note, which M. had transferred to J. to defraud complainant, and praying that such transfer be cancelled and that out of the amount due on the note R. be compelled to pay complainant's judgment against M., or, in default thereof, that the land conveyed to R. in consideration of the note be sold for payment of the judgment. R., after summons served on him, paid J. what was due on the note, taking an indemnifying note to save him from loss by the determination of this suit, P. being in no way connected with this arrangement. The indemnifying note became° worthless. The court rendered a decree granting the prayer of the bill, and R. appealed. *Held*, that R., after summons served, paid J. at his peril, and the worthlessness of the indemnifying note does not relieve him from responsibility to P.

4. SAME. *Practice. Striking out answer. Who can complain of.*

   In the case above stated R. answered admitting the indebtedness on the note, and averring a willingness to pay it to the person to whom it was due. J. answered denying that he acquired the note fraudulently, as charged in the bill. Because of J.'s refusal to answer certain interrogatories propounded to him his answer was by order of the court stricken from the files. R. appealed and assigned for error the striking out of J.'s answer. J. did not appeal. *Held*, that R. has no right to complain of such action of the court, even if it was erroneous.

APPEAL from the Chancery Court of Warren County.

HON. WARREN COWAN, Chancellor.

In 1873 C. K. Marshall sold certain real property in Vicksburg to the Vicksburg and Meridian Railroad Company, receiving from the company five promissory notes for five thousand

four hundred dollars each, secured by a deed of trust on the property conveyed. In 1875 Philip Phillips, who was a creditor of Marshall at the time the above conveyance was made, obtained a judgment against Marshall for five hundred and seventy dollars and sixty cents. Execution was issued and a return of *nulla bona* made. Marshall transferred the five promissory notes received from the railroad company to J. R. McDowell; the date of the transfer is not given. Two of these notes were paid to McDowell, and he obtained judgment against the railroad company on the other three; the date of this judgment is not given. In April, 1880, Philip Phillips filed this bill in chancery against Marshall, McDowell, and the Vicksburg and Meridian Railroad Company, charging that the transfer of the notes by Marshall to McDowell was made without consideration, and to hinder, delay, and defraud the creditors of Marshall, and praying that it be annulled, and that the railroad company be compelled to pay complainant's judgment out of the amount due on the notes, or, in default thereof, that the property embraced in the deed of trust securing the notes be sold to satisfy his judgment.

A decree *pro confesso* was taken against Marshall. McDowell, who was a non-resident, answered denying fraud. Certain interrogatories were then propounded to him, notice of which was given to his solicitor of record. On his failure to answer them, on motion of complainant, his answer was stricken from the file, and a decree *pro confesso* entered against him. The railroad company answered admitting that there was still due on the notes something over ten thousand dollars, and expressing its willingness to pay the same to the proper party. McDowell having threatened to levy an execution against the railroad company, on February 1, 1881, the company paid to him the remainder due by it on his judgment, taking a note signed by A. B. Pittman and J. Klein, Sr., for one thousand nine hundred and eighty-nine dollars and thirty-six cents, as indemnity against loss by the determination of this suit. This note is now worthless, both signers being insolvent. The railroad company filed an amended answer setting out the above facts, and asking to be discharged. Philip Phillips having died,

the suit was revived in the name of his executor, W. H. Phillips. The Chancellor found for the complainant, ordered that Marshall and the Vicksburg and Meridian Railroad Company pay the judgment of complainant, and in default that the property conveyed to the railroad company be sold to satisfy the same. The railroad company appealed.

Nugent & McWillie, for the appellant.

1. The court erred in striking McDowell's answer from the file and awarding a *pro confesso* decree against him upon the facts recited in the decree, and which are here conceded to have existed.

2. The whole proceeding was an attempt to garnish the appellant as a debtor of McDowell, fraudulent assignee of Marshall. Considered in this point of view, the remedy at law was full, adequate, and complete. Code of 1871, § 874. And, aside from this, there was, at the filing of the bill, no statute allowing the institution of the suit. The complainant had no lien upon the judgment in favor of McDowell, and without a restraining order and injunction the appellant very properly paid the judgment under threat of being compelled to do so. McDowell could have been garnished as debtor to Marshall on the facts stated in the bill, and, in an appropriate proceeding the appellee might have been subrogated to his right to the extent necessary to pay his debt against Marshall; but that was not attempted here, and the debt was paid before McDowell became a party to the suit. Marshall lived in the State. *Wolff* v. *Tappan*, 5 Dana Ky. 361; *Bigelow* v. *Andress*, 31 Ill. 329.

In the case of *Illinois Central Railroad Co.* v. *Weaver*, 54 Ill. 320, the question was whether the law of garnishment authorized process of garnishment against the debtor of the garnishee, against whom an execution had been returned *nulla bona*, and it was answered in the negative. The appellant did not owe Marshall; McDowell did owe as to Marshall's creditors; and appellant owed McDowell. The attachment laws of the State did not warrant the proceeding attempted in this case, and there never was an attempt to execute process on McDowell. If the service of summons on the appellant be conceded, it was not warranted by the statute so far as to fix a lien and entitle the plaintiff to a decree. The

appellant was not a debtor of Marshall, but was a debtor of McDowell, who was fraudulent donor or assignee of Marshall, and, therefore, as to appellee, a debtor of Marshall. There is no such thing recognized by our statutes as process of garnishment against a debtor of a debtor of a debtor. The statute stops at the original debtor. We do not question but that the appellee, in a proper cause, might have enjoined McDowell from collecting and the company from paying the judgment against Marshall, and might ultimately have had the amount due upon the judgment paid into court to the extent necessary to discharge the judgment; but in this case nothing of the kind was attempted. See *Jones* v. *Huntington*, 9 Mo. 249.

In this case the complainant could not garnish the appellant unless and until he had proved his debt or claim by judgment against McDowell, the assignee of Marshall. He could have garnished McDowell, obtained judgment against him, and on that based his proceeding against the appellant; but there is nothing in our attachment laws or garnishment laws to justify the present proceeding.

*W. L. Nugent*, for the appellant, argued the case orally.

*L. W. Magruder*, for the appellee.

1. McDowell does not appeal, and he alone can complain of the action of the court in striking his answer from the files. And it is manifest that appellant in no way relied upon the denials of McDowell's answer.

2. The whole of the argument of counsel for appellant upon the second question discussed is that the court had no equity power to reach the debt of the railroad company as assets of Marshall, held in fraud by McDowell.

The fallacy of this argument consists in assuming that the proceeding is to reach the debt of a debtor of a debtor. That complainant seeks to subject a debt, due by the railroad to McDowell, who is debtor to Marshall (as to his creditors), the debtor of complainant.

The bill treats the company as debtor to Marshall; that the conveyance to McDowell is a nullity which it seeks to cancel.

The case of *Jones* v. *Huntington*, 9 Mo. 250, cited, objects to the proceeding on the sole ground of being multifarious, involving the determination of two or more controversies, and practically concedes that if the several debtors were judgment debtors (as in this case), the court would have jurisdiction.

There is absolutely, to my mind, nothing in the idea suggested that the debt due by the company should be reached first by judgment against McDowell, or that the company must be deemed a debtor of McDowell, McDowell debtor of Marshall, and Marshall of complainant.

This fiction of the fraud must, however, be preserved intact, that the argument of counsel may have foundation.

The debt of the railroad was Marshall's property, and if reduced to judgment will "be regarded as so much money held in trust." *Egberts* v. *Pemberton*, 7 Johns Ch. Rept. 209.

CAMPBELL, J., delivered the opinion of the court.

The jurisdiction of a court of chancery to aid a judgment creditor, who has exhausted his remedy at law by execution and return of *nulla bona*, to reach effects of his debtor fraudulently transferred, is undoubted, and antedates any statutory provision on the subject, and is not affected by statutory provisions for garnishment at law.

The appellant, after service of the summons in this case, could not pay the debt to McDowell except at its peril, and it fully recognized this by the arrangement made for its indemnity, and now that this arrangement, of its own making, has proved worthless as indemnity, it cannot be allowed to avoid legal responsibility to the complainant, who was not a party to the arrangement.

If it be true that McDowell's answer was improperly stricken out he does not complain of it, and the appellant has no right to do it.

*Affirmed.*